Filed 5/31/19; on remand

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>OSTON G. OSOTONU,<br><br>       Defendant and Appellant. | A147060<br><br>(Solano County Super. Ct.<br>No. FC44975) |

Oston G. Osotonu appeals from the denial of his Proposition 47 petition for resentencing under Penal Code section 1170.18.[1]  He contends that his burglary conviction (§ 459) for using explosives to blow open an ATM machine is eligible for resentencing as shoplifting (§ 495.5).  We disagree and therefore affirm.

**BACKGROUND**

In October 1996, Osotonu and several alleged co-conspirators were charged by indictment in Solano County Superior Court with 20 counts, including three counts of second degree burglary (§ 459), six counts of possession of a destructive device near certain places (former § 12303.2; see § 18715), five counts of sale or transportation of a destructive device (former 12303.6; see § 18730), one count of attempted use of a destructive device (§ 664; former § 12303.3; see § 18740), two counts of terrorizing (§ 11413), two counts of use of a destructive device to destroy property (former § 12303.3; see § 18740), and one count of conspiracy to commit a crime (§ 182, subd. (a)(1)).  In July 2000, Osotonu entered a no contest plea to 17 of the 20 counts and

---

[1] All statutory references are to the Penal Code unless otherwise specified.

admitted a prior conviction.  The next month, pursuant to stipulation, the trial court sentenced him to 26 years in state prison.

In October 2015, Osotonu filed the instant petition, asking the trial court to recall his three second degree burglary convictions and resentence him to misdemeanor shoplifting.  Only one of those three convictions—that involving count 10—is at issue in this appeal.  The Solano County District Attorney's opposition to the petition describes the incident underlying the relevant offense as follows:  "With respect to the burglary in Count 10, on January 26, 1997, a bomb exploded at the Wells Fargo Bank/ATM machine on Tennessee Street in Vallejo at approximately 2:50 a.m.  The eastside of the bank was damaged and a portion of the ATM machine was blown apart.  The steel frame of the ATM machine was located in a nearby parking lot and there was a crater in the cement wall near the machine."  The ATM was reportedly targeted as part of a larger scheme to help a co-defendant "destroy the evidence in [that co-defendant's] criminal case by means of an explosion."  According to Osotonu, he agreed to participate in the ATM crime with the intent "to create a diversion and to get money."

At the hearing on Osotonu's petition, the trial court denied the petition as to count 10, concluding that Osotonu's use of explosives to blow open an ATM in the middle of the night could not be recast as the lesser offense of shoplifting, which is defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours . . . ."  (§ 459.5.)

This appeal followed.  A different panel of this Division initially reversed the trial court, concluding that Osotonu met the statutory requirements of section 459.5 because the ATM was a commercial establishment that he entered during regular business hours with the intent "to get money."  The Attorney General sought review in the Supreme Court, and the matter was transferred to this court "for reconsideration in light of *People v. Colbert* (2019) 6 Cal.5th 596" (*Colbert*).

**DISCUSSION**

In November 2014, California voters approved Proposition 47, the Safe Neighborhoods and Schools Act.  Proposition 47 added section 1170.18, which provides that any defendant currently "serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing." (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73–74.)  Pertinent to this case, Proposition 47 added section 459.5, which establishes the offense of shoplifting, defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).)  The statute further provides that "[a]ny other entry into a commercial establishment with intent to commit larceny is burglary." (*Ibid.*; see *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  Pursuant to section 459.5, shoplifting is punishable as a misdemeanor unless a defendant has previously been convicted of one or more specified offenses. (§ 459.5, subd. (a).)

After the release of our initial opinion in this matter, the Supreme Court issued its opinion in *Colbert*, which presented the following question concerning the line separating shoplifting from burglary:  "If a person enters a store during regular business hours but then proceeds to a private back office with intent to steal therefrom, which crime has he or she committed?" (*Colbert, supra,* 6 Cal.5th at p. 598.)  In rejecting Colbert's claim that he was guilty only of misdemeanor shoplifting, the court concluded that "entering an interior room that is objectively identifiable as off-limits to the public with intent to steal therefrom is not shoplifting, but instead remains punishable as burglary." (*Ibid.*)

Osotonu argues that *Colbert* does not apply because unlike entering a private back office in a store, there is no need to move between public and non-public spaces when

3

gaining access to the interior of an ATM. He maintains that because an ATM is not an "interior room," entering one with the intent to steal money is shoplifting, not burglary. The Attorney General agrees that an ATM is a commercial establishment open to the public and concedes that the inside of an ATM is not like a room in the traditional sense, but contends this interior place containing the bank's money is objectively identifiable as off-limits to the public.[2]  We agree.

It has long been the law that a burglary under "section 459 occurs when a defendant with the requisite intent enters a structure where he or she has *no right to be* . . . ." (*Colbert, supra,* 6 Cal.5th at p. 606, italics added.)  A primary purpose of the burglary statute is " 'to protect against the increased risk to personal safety that attends the commission of a felony' in such locations, as well as 'to prevent the invasion of an owner's or occupant's possessory interest in a space against "a person who has no right to be in the building." ' [Citation.]" (*Colbert, supra,* 6 Cal.5th at p. 607.)  " 'Section 459, in short, is aimed at the danger caused by the unauthorized entry itself.' [Citation.]" (*People v. Davis* (1998) 18 Cal.4th 712, 721 (*Davis*).)

In contrast, "[i]n enacting the shoplifting statute as part of Proposition 47, the electorate signaled that these interests do not apply in the same way when a person intends to steal property in a place where he or she has been *invited* to peruse the goods and services that are on offer.  Store owners and employees do not, of course, consent to the theft of property.  But the *core of the crime of burglary is not theft but physical intrusion*, and owners and employees have every reason to expect that members of the public will enter where they have been invited." (*Colbert, supra,* 6 Cal.5th at p. 607, second italics added.)

However, as *Colbert* explains, "it is different when members of the public venture into private back offices, employee locker rooms, or other interior rooms that are objectively identifiable as off-limits.  The nature of the intrusion, and the potential risk to personal safety, when a person exceeds the *physical* scope of his or her invitation to enter

---

[2] Although the point was initially disputed, the Attorney General now agrees that the ATM constitutes a commercial establishment.

are not dissimilar from those associated with exceeding the *temporal* scope of the invitation by entering after regular business hours—conduct that clearly remains punishable as burglary after the enactment of section 459.5. (§ 459.5, subd. (a).)" (*Colbert, supra,* 6 Cal.5th at p. 607.)

Here, it cannot be seriously disputed that Osotonu's use of explosives to access the inside of the ATM posed a serious danger to personal safety to anyone in the vicinity of the ATM. Indeed, the force of the explosives was enough to break apart the steel frame and cause a crater in the cement wall near the machine. By using explosives, as opposed to a stolen debit card (see, e.g., *Davis, supra,* 18 Cal.4th at p. 722), Osotonu unquestionably exceeded the physical scope of his invitation when he blew open the ATM. The interior of an ATM, like a locked vault inside a bank, was objectively identifiable as off-limits. For these reasons, and following the rationale of *Colbert,* we conclude that using explosives to blow open an ATM is not punishable as shoplifting under section 459.5.

Osotonu's reliance on *People v. Bunyard* (2017) 9 Cal.App.5th 1237 is unavailing. Bunyard was convicted of second degree burglary after he used a screwdriver in an attempt to break into a coin-operated soap dispenser in a 24-hour commercial laundromat. (*Id.* at pp. 1240, 1244.) In denying the petition for resentencing, the trial court reasoned that defendant's conduct did not "comport with the commonsense meaning of 'shoplifting.' " (*Id.* at pp. 1239–1240.) The appellate court reversed, concluding that when the defendant entered the laundromat during its regular business hours with the intent to commit larceny by theft, he met the statutory definition of shoplifting. (*Id.* at p. 1244.) In making this determination, the court held that it did not matter whether the defendant "used a tool to effectuate the intended theft or force to attempt to break into the coin box." (*Ibid.*) Rather, it concluded that the electorate did not intend section 459.5 to cover "*only* the theft of merchandise or goods displayed for sale," opining: "It would make no sense to distinguish, for purposes of misdemeanor versus felony treatment, between the intended theft of merchandise worth $10 to $15 and the intended theft of coins worth $10 to $15, simply because the former is openly

5

displayed and offered for sale and the latter is not." (*Id.* at p. 1245.) The court explained that expanding the scope of shoplifting beyond the so-called " 'five-finger discount' " furthered the "readily apparent" purpose of Proposition 47 "to lessen punishment for 'nonserious, nonviolent crimes like petty theft and drug possession . . . .'[Citation.]" (*Ibid.*)

Contrary to Osotonu's contention, his case is not similar to *Bunyard*. Using a screwdriver to pry open a coin-operated machine inside a commercial establishment is a far cry from using a bomb to blow up the commercial establishment itself. Under *Colbert,* a defendant commits burglary when he or she enters an area that is "objectively identifiable as off-limits to the public with the intent to steal . . . ." (*Colbert, supra,* 6 Cal.5th at p. 598.) To the extent the inside of a coin-operated machine arguably constitutes a location that is objectively identifiable as off-limits, the holding in *Bunyard* is now of dubious value. In any event, we are not bound by an opinion of another District Court of Appeal. (*Greyhound Lines, Inc. v. County of Santa Clara* (1986) 187 Cal.App.3d 480, 485.) Instead, we apply the law as explained by the California Supreme Court in *Colbert* and conclude that because Osotonu entered an area of the ATM "objectively identifiable as off-limits to the public with the intent to steal," his offense is not shoplifting under section 459.5. (*Colbert*, at p. 598.)

## DISPOSITION

The order denying defendant's petition for recall of sentence and request for resentencing is affirmed.

6

 

                                        _____

                                        Brown, J.

We concur:


_____

Streeter, Acting P.J.


_____

Tucher, J.

*People v. Osotonu* (A147060)

Trial Court:

Solano County Superior Court


Trial Judge:

Hon. Peter B. Foor


Counsel for Defendant and Appellant:

Carla Castillo, First District Appellate Project

Shannon Chase, First District Appellate Project


Counsel for Plaintiff and Respondent:

Kamala D. Harris, Attorney General

Gerald A. Engler, Chief Assistant Attorney General

Jeffrey M. Laurence, Senior Assistant Attorney General

René A. Chacón, Supervising Deputy Attorney General

Bruce Ortega, Deputy Attorney General

*People v. Osotonu* (A147060)

10